# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00339-CR

**Gilbert Espinoza, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 1010019, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Gilbert Espinoza guilty of possessing more than four ounces of marihuana. Tex. Health & Safety Code Ann. § 481.121(a), (b)(3) (West Supp. 2003). The district court assessed punishment at twenty-two months in a state jail. Appellant brings forward five points of error, all complaining of improper jury argument by the State. Finding no reversible error, we will overrule the points and affirm.

Police executing a search warrant found a brick of marihuana weighing approximately two pounds in the trunk of a car parked across the street from appellant's residence. With the marihuana, police found what appeared to be wrappers from other bricks of marihuana, scales capable of weighing pounds, and a tackle box containing close to $7000 in cash. In a closet inside the residence appellant shared with his wife and children, police found trace amounts of marihuana,

scales capable of weighing grams and ounces, a police scanner, and over $6000 in cash. A police officer testified that the brick of marihuana had a street value of about $1000.

Appellant's first two points of error relate to statements made by the prosecutor during her opening argument at the guilt stage. She was addressing the policies underlying the drug laws.

> And it's also about people who are affected by Mr. Espinoza's drug possession and drug dealing. People like his wife perhaps. People like his kids perhaps. Even like - even a person like himself who may be denied the dignity of a real job. People like - his kids who have to grow up in a house where they know their dad is selling drugs.

MR. ORR [defense counsel]: Excuse me, Your Honor. I object to this argument as outside of the record. It's improper argument. I object.

MS. MUELLER [prosecutor]: Your Honor, it's certainly an inference from all of the evidence.

THE COURT: I'll just once again ask the members of the jury to please base your verdict solely on the evidence admitted before you and the reasonable inferences drawn from that evidence.

MR. ORR: And I move for a mistrial, Your Honor.

THE COURT: We'll deny that request.

MS. MUELLER: Just think of the kids that are growing up in Mr. Espinoza's home who know that their dad deals in drugs.

MR. ORR: Well, Your Honor, excuse me. I renew my objection and move that – not only that she not be allowed to make that type of argument. It's outside the record. It's inappropriate. It's highly prejudicial, and there's – it's got nothing to do with the issues in this case.

THE COURT: We'll overrule the objection.

MS. MUELLER: Thank you, Your Honor.  You think that the neighbors on the pictures that the defense provided for you of the street where Mr. and Mrs. Espinoza live don't know about the dealing that's going on?  You think they don't know that all the strangers that come – that must come there to buy marihuana aren't coming there to buy something illegal?

MR. ORR: Well, once again, Your Honor, I object.  She's arguing outside the record.

THE COURT: As the charge reflects, the defendant is charged solely with possession of marihuana and not with dealing or selling or transfer.  Just possession.

MS. MUELLER: I'm going to sit down and –

MR. ORR: And I move for a mistrial, Your Honor.

THE COURT: We'll deny the request.

Appellant contends the court erred by overruling his motions for mistrial.  He argues that there was no evidence that he was selling marihuana, much less that his family and neighbors were aware of any such activities.  He contends the prosecutor was improperly seeking to inflame the minds of the jury to his unfair prejudice.

Given the quantity of marihuana, the scales, and the large amount of cash found by the police, the prosecutor could reasonably infer that appellant was selling marihuana.  *See Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988) (permissible categories of jury argument).  Assuming, however, that the evidence did not support the further inference that appellant's children and his neighbors were aware of such selling, we conclude that the argument did not warrant a mistrial.

3

Appellant urges that this cause should be governed by the holding in *Thompson v. State*, 89 S.W.3d 843, 850-51 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). In that case, the prosecutor, at the punishment stage, urged the jurors to assess a ten-year prison term, saying, "There's a very important reason but legally I'm not allowed to tell you what it is but it is very important." The appellate court found this argument to be "flagrant[ly] and severely improper" and reversed for a new trial as to punishment. *Id*. at 854. In the cause now before us, the arguments complained of were made at the guilt stage and were not so clearly calculated to prejudice the defense.

A mistrial is called for when there is error so prejudicial that continuation of the trial would be futile, and the decision to declare a mistrial is committed to the trial court's discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). The prosecutor's argument was, at most, only mildly improper. In denying appellant's two motions for mistrial, the court admonished the jurors that appellant was on trial solely for possession of marihuana and to base their verdict only on the evidence before them. As we have already noted, the complained-of remarks were not made at the punishment stage where they might arguably have been more prejudicial, but at the guilt stage of a trial in which the evidence of guilt was substantial.[1] *See Martinez v. State*, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000) (applying harmless error rule to overruling of objections to jury argument). Under the circumstances shown, the district court did not abuse its discretion by overruling the motions for mistrial underlying points of error one and two. These points are therefore overruled.

---

[1] Because the sufficiency of the evidence is not challenged on appeal, we have only briefly summarized it.

The remaining points of error relate to remarks made during the prosecutor's closing argument. In the argument of which appellant complains in point three, the prosecutor was reviewing the evidence tending to establish appellant's guilt.

> And if that's not enough, in addition to that, you have a search warrant that authorizes the Narcotics Unit of the Travis County Sheriff's Office to go search in that enclosed area in those cars. And if that's not enough in and of itself –

> MR. ORR: Excuse me, Your Honor, I object as to arguing that the search warrant – this is really improper – is somehow evidence of some kind of guilt in this case. And I move the jury be instructed to disregard.

> THE COURT: We'll sustain the objection, and the jurors will disregard it.

> MR. ORR: And I move for a mistrial, Your Honor.

> THE COURT: That request will be denied.

Appellant argues that it was improper to argue that the issuance of the search warrant, which was not in evidence, was evidence of guilt.

We agree with appellant and the district court that this argument was improper. We conclude, however, that the court's instruction to disregard was sufficient to cure the error. *See Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995) (instruction to disregard will generally cure error in jury argument). The argument was not so extreme or manifestly improper as to render futile the court's instruction. *See Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991). The court did not abuse its discretion by denying the requested mistrial. Point of error three is overruled.

Later, the prosecutor returned to the subject of the policies underlying the drug laws.

Lastly I'll say that though you may – some of you may disagree with the fact that the State chooses to prosecute drug laws, one could argue that they are a sign of a higher civilized society or the sign of a more sophisticated community. If you think about drugs in one way, you know that using drugs like marihuana make people less productive – less productive citizens, less productive spouses, less productive fathers.

You also – we all know that drug use –

MR. ORR:        Excuse me, Your Honor, I object to testifying outside the record. Talk is – is – and what – arguing about drug usage is inappropriate and improper.

THE COURT:        We'll overrule the objection.

MS. MUELLER:        Thank you.

Another thing that we all know about drug use is that using drugs does alter the chemicals in a person's brain. And it is fair to say that what a lot of people do when they are under the influence of drugs is not what they would do when they are not under the influence of drugs.

It is also a fair statement to say that most of the crimes that are committed in the United States, in the State of Texas and in Travis County, Austin, Texas, are committed when the defendant is either on drugs or they are in search of drugs.

MR. ORR:        Your Honor, I object. It's outside the record.

THE COURT:        Okay, we'll sustain the objection to the last statement.

MR. ORR:        And I move the jury be instruct to disregard.

THE COURT:        The jurors will disregard the last statement.

MR. ORR:        And I move for a mistrial.

THE COURT:        That request will be denied.

MR. ORR:        Specifically I'm objecting, Your Honor, to her statement that drugs – which we're not charged with drugs in this case – cause crime.  So – to make – make my objection very clear.

THE COURT:      We sustained the objection and asked the jurors to disregard the statement.  And the prosecutor should move to some other area, please.

Appellant complains that there was no evidence regarding the chemical effects of drugs or marihuana.  He also urges that there was no evidence that most crime is caused by drugs or that his marihuana possession contributed to other crimes.

For the reasons we have already discussed with respect to the preceding points of error, we hold that the court did not reversibly err by overruling appellant's objection to the prosecutor's remarks concerning the effects of drug use on human productivity.  *See Martinez*, 17 S.W.3d at 692-93.  The instruction to disregard was sufficient to cure the error in the remaining argument, and the court did not abuse its discretion by denying the mistrial.  Point of error four is overruled.

In his last point of error, appellant complains that the prosecutor again went outside the scope of the evidence during this argument:

A lot of times there are weapons at the homes of where drugs are found.  You heard from Mr. Orr that – and then the evidence in this case that – that we don't – there was not a weapon found at the location of where the search warrant was – was executed, when the search warrant was executed, but you can understand why some people who do deal in large amounts of drugs like this –

MR. ORR:        Excuse me, Your Honor, I object.  We're here – this is Mr. Espinoza's case.  We're not here to worry about other people charged in other cases.  I object, and I move that the – I ask – request the jury be instructed to disregard this argument.  It's completely inappropriate.

7

MS. MUELLER:   It's an inference from the evidence, Your Honor.  It's a plea to law enforcement.  This is completely within my rights, and Mr. Orr knows it.

MR. ORR:   No, I don't know it.

THE COURT:   I think the State's down to about two minutes anyway.  So maybe if you'll just try to wrap it up.  And I'm not exactly sure what the relevance of the weaponry is since there is no evidence of –

MR. ORR:   Is my motion for an instruction to disregard denied, Your Honor?

THE COURT:   No, we'll ask the jurors to disregard the weaponry remark –

MR. ORR:   And I do move for a mistrial, Your Honor.

THE COURT:   That request will be denied.

We agree with appellant that the argument in question was outside the record and improper.  The trial court said as much and then instructed the jury to disregard the remark.  Once again, we find no abuse of discretion in denying the motion for mistrial.  Point of error five is overruled.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:  August 14, 2003

Do Not Publish